UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
:
CATHERINE FANDINO,                                     :
                                                       :
                     Plaintiff,                        :
                                                       :           **OPINION AND ORDER**
          - against -                                  :
                                                       :           09 Civ. 8325 (SAS)
                                                       :
AMALGAM ENTERTAINMENT, LLC,                            :
AMALGAM DIGITAL, INC.,                                 :
E1 ENTERTAINMENT U.S., LP,                             :
TRANS WORLD ENTERTAINMENT                              :
CORPORATION, d/b/a F.Y.E,                              :
AMAZON.COM, LLC,                                       :
BARNES & NOBLE, INC.,                                  :
BEST BUY CO., INC.                                     :
J&R ELECTRONICS, INC.,                                 :
                                                       :
                     Defendants.                       :
------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/10

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

I.   **INTRODUCTION**

   On October 1, 2009, Catherine Fandino filed suit in the United States District Court for the Southern District of New York against Amalgam Entertainment, LLC, Amalgam Digital Inc., E1 Entertainment U.S. LP, Trans World Entertainment Corporation d/b/a F.Y.E., Amazon.com, LLC, Barnes & Noble, Inc., Best Buy Co., Inc., and J&R Electronics, Inc. for (1) trademark

1

infringement under the Lanham Act,[1] (2) unfair competition and false designation of origin,[2] (3) common law trademark infringement and unfair competition, and (4) unjust enrichment. Six days before Fandino filed suit in New York, she was sued in the District of Massachusetts by Amalgam Entertainment, LLC and Amalgam Digital, Inc. who sought a declaratory judgement cancelling Fandino's trademark registration and declaring that defendants' use of the mark is senior to Fandino's use ("first-filed action").[3]

Pending before this court is the defendants' motion to dismiss or to transfer this action in favor of the first-filed action. For the following reasons, defendants' motion to transfer is granted.

## II. BACKGROUND

Both lawsuits concern the trademark AMALGAM, which both

---

[1] See 15 U.S.C. §§ 1114-1116.

[2] See id. § 1125(a).

[3] Fandino moved to dismiss the Massachusetts action, or in the alternative to transfer that action to this Court, or to stay proceedings pending resolution of her case in this Court. See Defendant's Notice of Motion and Motion to Dismiss, or in the Alternative to Transfer or Stay Proceedings (submitted in first-filed action), Ex. D to Plaintiff's Answer to Defendants' Motion to Dismiss or to Transfer ("Pl. Opp."). The Massachusetts district court denied Fandino's motion at a hearing on November 16, 2009, which Fandino did not attend. See Amalgam Entm't, LLC v. Lal, No. 09-CV-11601-WGY (D. Mass.) (11/16/09 Docket Entry indicating motion to dismiss, transfer, or stay was denied without prejudice).

Fandino and Amalgam claim they own. Fandino asserts that she is a small, independent entrepreneur in the music business and that she offers audio recording, production services, and other similar goods and services using the AMALGAM trademark.[4] On Fandino's trademark application, she stated that she first used the AMALGAM mark related to musical entertainment services beginning in November 2003.[5] Fandino was issued Trademark Registration No. 3,669,123 on August 18, 2009 for AMALGAM ENTERTAINMENT.[6]

Amalgam Entertainment, LLC, was incorporated in Massachusetts in 2004.[7] Amalgam Digital, Inc. was incorporated in Massachusetts on February 16,

---

[4] *See* Affidavit of Catherine Fandino in Support of Motion to Dismiss or in the Alternative to Transfer or Stay Proceedings (submitted in first-filed action) ("Fandino Aff.") ¶ 2, Ex. D to Pl. Opp.

[5] *See* United States Patent and Trademark Office Reg. No. 3,669,123, Ex. C to Complaint ("Compl.").

[6] *See id.* Defendants contend that Robert G. Lopez, who defendants allege is Fandino's friend and one-time housemate, wrote to Jason Andreozzi, founder of Amalgam Entertainment, LLC and Amalgam Digital Inc., on November 17, 2008 offering to assist Andreozzi in obtaining trademark protection for the AMALGAM mark and logo. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss or, in the Alternative, to Transfer ("Def. Mem.") at 2. Defendants allege that when Andreozzi did not respond to Lopez's offer, Fandino colluded with attorney Sandy Lal and Lopez to submit a false and fraudulent trademark registration application. *See id.*

[7] *See* 10/20/09 Declaration of Jason Andreozzi, Founder of Amalgam Entertainment, LLC and Amalgam Digital, Inc., in Support of Defendants' Motion to Dismiss Second-Filed Action or, in the Alternative, to Transfer Action to

2007.[8] Amalgam Entertainment, LLC and Amalgam Digital Inc. (collectively "Amalgam") have their principal places of business and only offices in Massachusetts.[9] Amalgam Entertainment, LLC now generates over one million dollars in annual gross revenue.[10] Amalgam has never registered the AMALGAM mark.[11] Amalgam claims it first used the AMALGAM mark as early as March 2002.[12] Fandino disputes this claim.[13]

From August 2009 through the end of September 2009, attorneys for Fandino and Amalgam exchanged a series of letters regarding the AMALGAM trademark.[14] Fandino's attorney, Sandy Lal, wrote to Andreozzi on August 27, 2009, demanding that Andreozzi cease and desist from infringement of Fandino's AMALGAM trademark.[15] This letter referred generally to future legal action

---

District of Massachusetts ("Andreozzi Decl.") ¶ 2.

[8] *See id.* ¶ 3.

[9] *See id.* ¶¶ 2-3, 13.

[10] *See id.* ¶ 8.

[11] *See* Def. Mem. at 2.

[12] *See id.*

[13] *See* Compl. ¶ 23.

[14] *See* Def. Mem. at 3-5.

[15] *See* 8/27/09 Letter from Lal to Andreozzi, Ex. E to Compl.

stating: "If you do not comply with our demands, we will be left with no alternative but to initiate litigation."[16] The letter invited a response by Andreozzi on or before September 7, 2009.[17]

On September 4, 2009, Amalgam's attorney, Stuart Rudoler, responded to Lal stating that Amalgam's use of the AMALGAM mark predated Fandino's use of the mark and demanded that Fandino cease and desist from infringement of the AMALGAM mark, cancel her trademark with prejudice, and pay damages to Amalgam.[18] This letter alleged that Lal, Fandino, and Lopez acted together to "defraud the trademark system in order to extort payment from [Amalgam]."[19] Amalgam warned that if it did not receive a response by September 11, 2009, it would "proceed with appropriate action" against Lal, Lopez, and Fandino.[20]

On September 11, 2009, Lal responded and denied any allegations of fraud.[21] Again, Lal repeated the demand that Amalgam cease and desist from

---

[16] *Id.* at 2.

[17] *See id.*

[18] *See* 9/4/09 Letter from Rudoler to Lal, Ex. C to Andreozzi Decl.

[19] *Id.* at 1.

[20] *Id.* at 5.

[21] *See* 9/11/09 Letter from Lal to Rudoler, Ex. B to Pl. Opp.

5

infringement of Fandino's AMALGAM trademark.[22] Lal wrote, "if we do not receive a written confirmation from your clients' [*sic*] by September 18, 2009 acknowledging compliance with our demands and requests in our August 27, 2009 Cease-and-Desist letter, we will proceed accordingly."[23]

Amalgam did not respond to Lal's September 11 letter.[24] On September 22, 2009, Lal emailed Rudoler stating that Lal had not received a response to the September 11 letter.[25] Lal concluded the email: "[I]f we do not hear back from you promptly, we will proceed accordingly."[26] The following day, on Wednesday, September 23, 2009, Rudoler replied, "I expect to have a response for you early next week."[27] That Friday, September 25, 2009, Amalgam initiated the first-filed action in the District of Massachusetts.[28] That complaint asserts twelve causes of action against Fandino, Lal, and Lopez, and requests a declaratory judgment cancelling Fandino's registration of the AMALGAM

---

[22]   *See id.*

[23]   *Id.* at 5 (emphasis omitted).

[24]   *See* 9/22/09 Email from Lal to Rudoler, Ex. C to Pl. Opp.

[25]   *See id.*

[26]   *Id.*

[27]   9/23/09 Email from Rudoler to Lal, Ex. C to Pl. Opp.

[28]   *See* Pl. Opp. ¶ 6.

ENTERTAINMENT mark and declaring Amalgam's use of the mark senior to Fandino's use.[29] On October 1, 2009, Fandino filed her complaint in this Court naming Amalgam and several of its distributors as defendants.

## III.  APPLICABLE LAW

"[W]here there are two competing lawsuits," courts generally use the first-filed rule and give the first-filed action priority over later filed suits.[30] While deference should be given to the plaintiff's choice of forum, that deference may be overcome by a demonstration of special circumstances.[31] Special circumstances exist where a party files a declaratory judgment action in anticipation of a coercive suit "or where forum shopping alone motivated the choice of forum in the filing of the first suit."[32] Thus, under the proper conditions courts may ignore the timing of

---

[29]   *See* Complaint in first-filed action ("Compl. in first-filed action") at 15-16, Ex. 2 to Notice of Motion to Dismiss.

[30]   *Employers Ins. of Wausau v. Fox Entm't Group*, 522 F.3d 271, 274-75 (2d Cir. 2008) (quotation marks omitted). *Accord Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F. 2d 215, 218 (2d Cir. 1978) ("The rule in this circuit is that the first suit should have priority."); *Mondo, Inc. v. Spitz*, No. 97 Civ. 4822, 1998 WL 17744, at *1 (S.D.N.Y. Jan. 16, 1998); *J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 490 (S.D.N.Y. 1995).

[31]   *See Factors*, 579 F.2d at 218; *Mondo*, 1998 WL 17744, at *1; *J. Lyons*, 892 F. Supp. at 490.

[32]   *J. Lyons*, 892 F. Supp. at 491. *Accord Mondo*, 1998 WL 17744, at *2; *Great American Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 586 (S.D.N.Y. 1990). Special circumstances also exist "when the first-filed suit is

a suit to avoid rewarding parties attempting to use the declaratory judgment action in a "race to the courthouse."[33]

The Second Circuit has held that the filing of a declaratory judgment action triggered by a notice letter is a persuasive indicator of anticipatory conduct.[34] In *J. Lyons & Co. v. Republic of Tea, Inc.*, this Court applied three factors to analyze the quality of the notice conveyed. "When a notice letter informs a defendant of the intention to file suit, a filing date, and/or a specific forum for the filing of the suit, the courts have found, in the exercise of discretion, in favor of the second-filed action."[35]

If no special circumstances exist, courts should next conduct a balance of convenience test to determine whether a second-filed suit should take priority.[36] "The 'factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to

---

against the customer of an alleged patent infringer, while the second suit involves the infringer directly." *Wausau*, 522 F.3d at 276 n.3 (citing *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 424 n.4 (2d Cir. 1965)).

[33] *See 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 133 (S.D.N.Y. 1994); *Great American*, 735 F. Supp. at 586.

[34] *See Factors*, 579 F.2d at 219.

[35] *J. Lyons*, 892 F.Supp. at 491.

[36] *See Wausau*, 522 F.3d at 278.

8

28 U.S.C. § 1404(a).'"[37] These factors include:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.[38]

## IV. DISCUSSION

### A. There Are No Special Circumstances Which Favor the Second-Filed New York Action

There are no facts here to indicate that Amalgam definitively anticipated litigation or that Amalgam engaged in forum shopping. Defendants' first-filed action was not an improper anticipatory filing. It was not filed in response to a specific threat to file suit. Although Lal's letters mentioned the general possibility of future legal action, the letters did not mention either a date or a forum. Furthermore, Lal's September 11 letter threatened that he would "proceed accordingly" if Amalgam did not respond by September 18. Amalgam did not respond by that date and Fandino did not file suit. The fact that she did not take action by that date demonstrates that Lal's references to litigation were merely

---

[37] *Id.* at 275 (quoting *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002)).

[38] *Id.* (citations omitted) (alteration in original).

general threats, not specific references to filing an immediate suit. Fandino had ample opportunity to file suit in a forum of her choice before defendants filed their suit on September 25, 2009.[39]

Defendants also did not engage in forum shopping. Amalgam responded to Lal's initial letter and denied Amalgam's alleged infringement and made allegations of infringement against Fandino and allegations of fraud against Lal, Lopez, and Fandino. Lal's September 11 response denied the fraud claims and again requested that Amalgam cease and desist infringement of Fandino's AMALGAM trademark. Because no resolution was forthcoming, Amalgam had a legitimate reason to file its own suit seeking resolution of the trademark infringement issue and its various tort claims. Amalgam did not engage in forum shopping, but filed its action in its home state which is the forum most convenient to it. Thus, there are no special circumstances that justify departing from the first-filed rule.

### B. The Balance of Convenience Does Not Favor New York

The balance of convenience analysis does not favor departing from

---

[39] I am aware that Rudoler emailed Lal on Wednesday, September 23, 2009 stating that he expected to have a response for Lal the following week. Despite that promise, Amalgam filed suit in the District of Massachusetts on Friday, September 25, 2009. This does not, however, create a special circumstance here because Fandino had sufficient notice of Amalgam's competing claims and sufficient time to file suit.

the first-filed rule. The first factor, the plaintiff's choice of forum, favors the forum of the first-filed action. Here, Amalgam filed in Massachusetts, its principal place of business and the state where it is incorporated. Accordingly, the plaintiff's choice of home forum should be given substantial weight.

The second factor, the convenience of witnesses, is neutral. Amalgam's potential witnesses, its employees, are located in Massachusetts. Two defendants, Amazon.com LLC and Best Buy, indicate that New York or Massachusetts would be equally convenient for its employee witnesses.[40] No information has been submitted about the convenience for any other defendants. Fandino's witnesses are located in New York.[41]

The third factor, the location of relevant documents and relative ease of access to sources of proof, is neutral. Amalgam's documents are located in Massachusetts. Amazon.com LLC and Best Buy state that their documents

---

[40] See 10/19/09 Declaration of David A. Zapolsky, V.P. in the Legal Department of Amazon.com, in Support of Defendants' Motion to Dismiss Second-Filed Action or, in the Alternative, to Transfer Action to District of Massachusetts ("Zapolsky Decl.") ¶ 6; 10/20/09 Declaration of Thomas R. Harris, V.P. & Associate General Counsel of Best Buy Enterprise Services, Inc., in Support of Defendants' Motion to Dismiss Second-Filed Action or, in the Alternative, to Transfer Action to District of Massachusetts ("Harris Decl.") ¶¶ 11, 20.

[41] Although all defendants join this motion, the only specific information defendants have provided the Court concerns the Amalgam entities, Amazon.com, LLC, and Best Buy.

regarding distribution of Amalgam's products are located in Washington and Minnesota respectively and that New York or Massachusetts would be equally convenient.[42] No information has been submitted about other defendants' documents. Fandino's documentation regarding her music business and her use of the AMALGAM trademark is in her home state of New York. Documents relating to Fandino's trademark registration are located in the official records of the Patent and Trademark Office in Washington, D.C., and are also available online.

The fourth factor, the convenience of the parties, is also neutral. Massachusetts is Amalgam's home state and therefore, more convenient to it. Amazon.com and Best Buy have no objection to the action proceeding in Massachusetts.[43] No information was submitted about the convenience for the other defendants. Fandino resides in New York and states that a case in Massachusetts would create a significant burden for her.

The fifth factor, the locus of operative facts, slightly favors the first-filed action. Amalgam was founded in Massachusetts and conducts business in that state. Fandino resides in New York and states that she conducts her music

---

[42] *See* Zapolsky Decl. ¶ 7; Harris Decl. ¶¶ 12, 19.

[43] *See* Zapolsky Decl. ¶ 8; Harris Decl. ¶¶ 8, 13, 21.

operations out of her residence.[44] Amalgam's first-filed action alleges that Lopez sought out Amalgam, mailed Andreozzi a letter offering Lopez's services to register the AMALGAM mark, and when Andreozzi did not respond, Lopez conspired with Lal and Fandino to fraudulently register the AMALGAM mark under Fandino's name in order to extort payment from Amalgam.[45] This allegation involves approaching a Massachusetts corporation and the locus of these operative facts favors the first-filed action.

The sixth factor, the availability of process to compel the attendance of unwilling witnesses, is neutral. There is no information to suggest that either forum would have any greater power over any unwilling witnesses.

The seventh and final factor, the relative means of the parties, favors the second-filed action. Amalgam is a corporation generating over one million dollars in gross revenue. Fandino is an individual proceeding pro se and characterizes herself as a small, independent entrepreneur who conducts her music business from her residence in New York City.[46] She states that she has limited

---

[44]   See Fandino Aff. ¶ 3.

[45]   See Compl. in first-filed action ¶¶ 18, 20.

[46]   See Fandino Aff. ¶¶ 2-3.

income and is a single mother of two small children.[47] Based on these facts, it would be easier for Amalgam to defend a suit in New York than it would be for Fandino to defend a suit in Massachusetts.

On the whole, however, the balance of convenience analysis favors the first-filed action. While there is a disparity in the relative means of the parties, this does not overcome the weight accorded to plaintiff's choice of forum and the locus of operative facts which both favor the first-filed action. This case has significant ties to the forum of the first-filed action and the balance of conveniences does not favor departing from the first-filed rule.

## V. CONCLUSION

For the foregoing reasons, defendants' motion to transfer is granted. The Clerk of the Court is directed to close this motion (docket # 09 CV 8325(SAS)) and transfer the case to the District of Massachusetts.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
February 18, 2010

---

[47] *See* Defendant's Memorandum of Law in Support of Motion to Dismiss for Lack of Jurisdiction, Improper Venue or in the Alternative to Transfer or Stay Proceedings (submitted in first-filed action) at 8, Ex. D to Pl. Opp.

**-Appearances-**

**For Plaintiff (Pro Se):**

Catherine Fandino
65 Jefferson Street - Apt. #9E
New York, NY 10002
(917) 355-0985

**Counsel for Defendants Amalgam Entertainment, LLC, Amalgam Digital, Inc., E1 Entertainment U.S. LP, Trans World Entertainment Corporation, d/b/a F.Y.E., Amazon.com, LLC, Barnes & Noble, Inc., Best Buy, Inc., and J&R Electronics, Inc.:**

Paul Ostensen, Esq.
Mintz & Gold LLP
470 Park Avenue South
10th Floor North
New York, NY 10016-6819
(212) 696-4848